

**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

*United States Attorney's Office*
*50 Main Street, Suite 1100*
*White Plains, New York 10601*

October 1, 2024

**BY ECF/EMAIL**
The Honorable Kenneth M. Karas
United States District Court
Southern District of New York
300 Quarropas Street
White Plains, New York 10601

    Re:    *United States v. Michael Fitzgerald Sims*, 24 Cr. 253 (KMK)

Dear Judge Karas:

    The Government respectfully submits this letter in advance of the sentencing of the defendant, Michael Sims, scheduled for October 8, 2024. As described below, the defendant conspired to distribute narcotics, specifically cocaine, fentanyl, and para-fluorofentanyl, and possessed ammunition knowing that he had previously been convicted of a felony. For reasons further discussed below, the Government respectfully submits that a sentence within the Stipulated Guidelines Range of 33 to 41 months' imprisonment – which is in line with Probation's recommendation – would be sufficient, but not greater than necessary to reflect the seriousness of the defendant's conduct, to promote respect for the law, to protect the public from the defendant's clear danger to the community, and to ensure adequate general and specific deterrence.

**A.**    **The Offense Conduct**

    Over a period of several months beginning on or about May 31, 2023 through on or about September 13, 2023, the defendant sold narcotics on several occasions in the Town of Greenberg and other towns in Westchester County, and on two occasions sold a firearm and ammunition, respectively. PSR ¶¶ 8-29. In particular:

- On May 31, 2023, the defendant sold and participated in a hand-to-hand transaction of a substance that later lab-tested positive for cocaine and weighed, together with its packaging, approximately 0.34 grams, PSR ¶ 14;

- On June 15, 2023, the defendant sold and participated in a hand-to-hand transaction of a substance that later lab tested positive for para-fluorofentanyl, as well as for fentanyl and heroin, and weighed, together with its packaging of nine glassine envelopes, approximately 2.59 grams, PSR ¶ 15;

- On August 31, 2023, the defendant sold and participated in a hand-to-hand transaction of a substance that later lab tested positive for cocaine and weighed, together with its packaging, approximately 1.46 grams, PSR ¶ 16;

- On September 1, 2023, the defendant sold and participated in a hand-to-hand transaction of two substances that later lab tested positive for (i) cocaine, which together with its packaging weighed approximately 2.16 grams, and (ii) parafluorofentayl, as well as fentanyl and heroin, which together with its packaging weighed approximately 0.30 grams, respectively, PSR ¶¶ 18-21;

- On September 8, 2023, the defendant sold and directed a co-conspirator to hand off a substance that later lab tested positive for fentanyl and weighed, together with its packaging, approximately 0.54 grams, on this date the defendant also sold, along with his co-defendant Gerald Tarrant, a firearm, to wit, a .32 caliber Amadeo Rossi Revolver, PSR ¶¶ 22-23;

- On September 11, 2023, the defendant sold and participated in a hand-to-hand transaction of a substance that later lab tested positive for cocaine and weighed, together with its packaging, approximately 3.38 grams, PSR ¶ 24-25; and

- On September 13, 2023, the defendant sold and participated in a hand-to-hand transaction of a box containing multiple rounds of .38 caliber Hansen ammunition, PSR ¶ 26.

**B.    The Plea Agreement and the Applicable Guidelines Range**

The plea agreement between the Government and the defendant sets forth the parties' understanding of the appropriate offense level under the U.S. Sentencing Guidelines ("U.S.S.G." or the "Guidelines"). For Counts One and Two, the plea agreement calculated a total offense level of 19, including a 3-level reduction pursuant to U.S.S.G. § 3E1.1(a), because the defendant accepted responsibility and entered a timely guilty plea. PSR ¶¶ 34-53.

The plea agreement calculated 2 criminal history points based on the following, as well as a number of convictions that resulted in 0 criminal history points.

1. On or about May 16, 2017, the defendant was convicted in Westchester County Court of Robbery in the Third Degree, in violation of N.Y. PENAL LAW § 160.05. On or about June 27, 2017, the defendant was sentenced principally to an order of protection term of 30 months to 5 years. Pursuant to U.S.S.G. § 4A1.1(c), this sentence results in **1** criminal history point.

2. On or about February 11, 2015, the defendant was convicted in Westchester County Court of Criminal Sale of a Controlled Substance in the Third Degree, in violation of N.Y. PENAL LAW § 220.39. On or about April 6, 2016, the defendant was sentenced principally to conditional discharge. Pursuant to U.S.S.G. § 4A1.1(c), this sentence results in **1** criminal history point.

Based on the above, the plea agreement placed the defendant in Criminal History Category II. With an offense level of 19 and a Criminal History Category II, the plea agreement calculated the Guidelines range (the "Stipulated Guidelines Range") to be 33 to 41 months' imprisonment.

The United States Probation Office Probation calculated the same total offense level, but arrived a criminal history calculation of 4 points, placing the defendant in Criminal History Category III.[1] PSR ¶¶ 34-53. Based on an offense level of 19 and a Criminal History Category of III, Probation calculates the defendant's Guidelines range as 37 to 46 months' imprisonment and recommends a sentence of 37 months. PSR ¶ 126, at 29. In support of its recommendation, Probation considered several mitigating factors, namely his substance abuse history and the significant trauma he has faced in connection with his sexual abuse as well as the death of a family member, which the Probation Office notes appears to have been the catalyst behind his turn to substances. PSR at 30. Nevertheless, Probation recommended a total sentence of 37 months because the "dangerous mix of drugs and guns in this case simply represents too much of a community safety risk for [Probation] to even[] slightly discount, given the defendant's criminal record." *Id*.

For his part, the defendant seeks a sentence of a year and a day. Def. Mem. at 1. In making this request, the defendant notes a number of mitigating factors, including: the trauma he suffered during his childhood, his drug addiction, and the death of his niece, as well as his role in the drug sales at issue. *See* Def. Mem. at 7-10.

**C.    Applicable Law**

The Sentencing Guidelines continue to provide important guidance to sentencing courts following *United States v. Booker*, 543 U.S. 220 (2005), and *United States v. Crosby*, 397 F.3d 103 (2d Cir. 2005). Though they are advisory and not mandatory, the Sentencing Guidelines are "the product of careful study based on extensive empirical evidence derived from the review of thousands of individual sentencing decisions." *Gall v. United States*, 552 U.S. 38, 46 (2007). It follows that district courts should treat the Sentencing Guidelines as the "starting point and the initial benchmark" in sentencing proceedings. *Id.* at 49; *see also Booker*, 543 U.S. at 264 (explaining that district courts must "consult" the Sentencing Guidelines and "take them into account" when sentencing). Accordingly, "a district court should begin all sentencing proceedings by correctly calculating the applicable Guidelines range." *Gall*, 552 U.S. at 49.

After that calculation, a sentencing judge must consider seven factors outlined in Title 18, United States Code, Section 3553(a): (1) "the nature and circumstances of the offense and the history and characteristics of the defendant"; (2) the four legitimate purposes of sentencing, as set forth below; (3) "the kinds of sentences available"; (4) the Guidelines range itself; (5) any relevant policy statement by the Sentencing Commission; (6) "the need to avoid unwarranted sentence disparities among defendants"; and (7) "the need to provide restitution to any victims," 18 U.S.C. § 3553(a)(l)-(7). *See* Gall, 552 U.S. at 50 & n.6.

---

[1] The difference in criminal history calculation by the parties in the plea agreement versus Probation in the PSR relates to the defendant's 2017 conviction for robbery in the third degree. PSR ¶ 72. For this conviction, Probation assesses 3 criminal history points based on a sentence of 30 months to 5 years' imprisonment. *Id.* In the plea agreement, the parties assessed 1 criminal history point based on the understanding that the conviction resulted in a sentence of an order of protection for a term of 30 months to 5 years. The Government agrees with Probation's tabulation but will not depart from the Stipulated Guidelines Range based on this discrepancy.

In determining the appropriate sentence, the statute directs judges to "impose a sentence sufficient, but not greater than necessary, to comply with the purposes" of sentencing, which are:

> (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
>
> (B) to afford adequate deterrence to criminal conduct;
>
> (C) to protect the public from further crimes of the defendant;
>
> (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner.

18 U.S.C. § 3553(a)(2).

**D.  A Guidelines Sentence of Imprisonment Is Appropriate in This Case**

The Government respectfully submits that a sentence within the Stipulated Guidelines Range of 33 to 41 months' imprisonment is sufficient, but not greater than necessary, to achieve the legitimate purposes of sentencing. As further discussed below, the Government submits that a sentence within the Stipulated Guidelines Range of 33 to 41 months' is necessary to reflect the seriousness of the defendant's conduct, to promote respect for the law, and to protect the public and ensure adequate deterrence.

*First*, a sentence within the Stipulated Guidelines Range of 33 to 41 months' imprisonment is necessary to reflect the nature and circumstances of the offense and the need to reflect the seriousness of the offense. The defendant sold dangerous narcotics – along with a firearm and ammunition. Gun violence and the drug trade have wreaked havoc in our society and its seriousness cannot be overstated.

*Second*, a sentence within the Stipulated Guidelines Range of 33 to 41 months' imprisonment is also appropriate given the defendant's history and characteristics and the need to promote respect for the law. With respect to the defendant's history and characteristics, the Government acknowledges that the defendant has struggled with addiction, likely related to trauma suffered in his childhood, as well as tragic circumstances as an adult. The Government further recognizes that this lack of stability and struggles with drug use and addiction may have been a contributing factor for the defendant's involvement in the instant offense. However, these mitigating factors are far outweighed by the defendant's nature and circumstances of this offense and his criminal history.

*Finally*, a sentence within the Stipulated Guidelines Range of 33 to 41 months' imprisonment is also appropriate to ensure general deterrence. The proliferation of drugs and guns on the streets poses and significant risk to the safety of the community and Guidelines sentence is necessary to send the appropriate message from the criminal justice system that those contributing to the number of guns and amount of drugs available on the street with face a serious sentence for

their actions. Furthermore, a sentence within the Stipulated Guidelines Range of 33 to 41 months' imprisonment is further necessary to ensure specific deterrence and protect the public from further crimes of the defendant. This is the defendant's nineteenth conviction.

**E.    Conclusion**

For the reasons set forth above, the Government respectfully requests that the Court impose a sentence within the Stipulated Guidelines Range of 33 to 41 months' imprisonment.

Respectfully Submitted,

DAMIAN WILLIAMS
United States Attorney

by: _____
Margaret N. Vasu
Assistant United States Attorney
(914) 993-1926